IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES RONALD MCALLISTER | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv307 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION REGARDING TRANSFER

Petitioner James Ronald McAllister, an inmate confined at the Wynne Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Petitioner was convicted of DWI in the 260th District Court of Orange County, Texas on May 25, 2006.  Petitioner, however, does not contest the validity of his original conviction or sentence.

Petitioner brings this petition contesting the validity of several prison disciplinary reports received during June and July of 2009 while confined at the Wynne Unit.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted.  Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Wynne Unit located in Huntsville, Walker County, Texas.  Additionally, petitioner complains of disciplinary convictions received at the Wynne Unit.

Pursuant to 28 U.S.C § 124, Walker County is in the Houston Division of the Southern District of Texas.

Jurisdiction is proper in the Eastern District of Texas because the prisoner's original conviction occurred in Orange County which is within the district court's territorial boundaries. However, the court has considered the circumstances and has determined that the interests of justice would best be served if this petition were transferred to the division in which the petitioner was convicted of the prison disciplinary cases which form the basis of this petition.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of disciplinary convictions which occurred in the Southern District of Texas where he remains confined, and all records and witnesses involving this action may be located in the Southern District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Southern District of Texas, Houston Division.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

SIGNED this __31__ day of _____January_____, 2012.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

2